UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
DIANE ABBEY,

       Plaintiff,

-against-

UNITEDHEALTHCARE INSURANCE COMPANY
OF NEW YORK, AND UNITEDHEALTHCARE
INSURANCE COMPANY,

       Defendants.
------------------------------------------------------------------------- x

Case No.

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

  PLEASE TAKE NOTICE that Defendants, UnitedHealthcare Insurance Company of New York ("UHNY") and UnitedHealthcare Insurance Company ("United") (collectively, "Defendants"), remove the above-entitled action filed by Plaintiff, Diane Abbey ("Plaintiff"), presently of record at Index Number 650209/2024 in the Supreme Court of the State of New York, County of New York, to this Court pursuant to 28 U.S.C. §1441.  In accordance with the requirements of 28 U.S.C. §1446, the Defendants make the following short and plain statement of the basis for removal, while fully reserving their rights to assert all available defenses:

**I.  INTRODUCTION**

  1.  On January 16, 2024, Plaintiff filed its Complaint in the Supreme Court of the State of New York, New York County, asserting one cause of action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") for the purported wrongful denial of benefits pursuant to 29 U.S.C. §1132(a)(1)(B). (Compl., ¶¶1, 42-47). A copy of the Complaint is annexed hereto

as Exhibit 1.[1] The suit is styled *Diane Abbey v. UnitedHealthcare Insurance Company of New York and UnitedHealthcare Insurance Company*, Index Number 650209/2024 ("State Court Action").

2.   On January 18, 2024, Plaintiff served a copy of the Summons and Complaint on both Defendants via process server through its statutory agent for service in New York (CT Corporation).

3.   Plaintiff's Complaint alleges that the Defendants wrongfully underpaid her claim for health benefits under her health benefit plan (*i.e.*, TriNet HR IV, LLC Welfare Benefit Plan (the "Plan")). Specifically, Plaintiff alleges that on September 14, 2021, she underwent breast reconstruction surgery at Weill Cornell New York Presbyterian Hospital, Plaintiff submitted a claim for benefits related to that treatment to Defendants, and Defendants underpaid the claim for benefits pursuant to the terms of the plan. (*See* Compl., ¶¶13-16). Plaintiff seeks benefits under the Plan, an employee welfare benefit plan governed by ERISA. (*See* Compl., ¶¶1, 9, 42-47).

4.   Plaintiff's Complaint asserts one cause of action under ERISA for the wrongful denial of benefits under 29 U.S.C. §1132(a)(1)(B) (Count One). (*See* Compl., ¶¶42-47).

5.   The Complaint is the first papers received by the Defendants in which Plaintiff alleges claims establishing the existence of federal question jurisdiction (*i.e.*, Plaintiff's claim for the wrongful denial of benefits under ERISA §502(a)(1)(B). Consequently, this action is removable to this Court pursuant to 28 U.S.C. §1446(b).

## II.   BASIS FOR FEDERAL COURT JURISDICTION: FEDERAL QUESTION

6.   The basis for federal question jurisdiction is that Plaintiff's Complaint seeks payment of benefits under an employee welfare benefit plan governed by ERISA. (*See* Compl., ¶¶1, 9, 42-47). The Complaint was brought by a member/participant in a health benefit Plan governed by ERISA and insured/administered by the Defendants. (*Id.*). Indeed, Plaintiff expressly alleges that it brought

---

[1] A true and correct copy of all other documents on the State Court Action docket are attached hereto as Exhibit 2.

this action under ERISA "because of the improper denial of benefits by defendants" and its one cause of action seeks an award of benefits under an ERISA-governed Plan. (Compl., ¶¶1, 9, 42-47).

7. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

8. This Court has original subject matter jurisdiction over this case because, regardless of whether the Complaint alleges any cause of action under federal law, the State Court Action requires the resolution, construction or application of one or more substantial questions of federal law in dispute between the Plaintiff and Defendants. *See* 28 U.S.C. §1441(a) ("The district courts shall have original jurisdiction of all civil actions arising under laws or treaties of the United States.").

9. Removal of this case from state court based on federal question jurisdiction is proper because ERISA completely preempts the State Court Action. ERISA includes a comprehensive civil enforcement mechanism that completely preempts any state common law or statutory cause of action falling within the scope of Section 502(a) of ERISA, 29 U.S.C. §1132(a). *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012). Here, Plaintiff actually asserts one cause of action and it is an ERISA count (*see* Count One of the Complaint). Pursuant to 29 U.S.C. §1132(e)(1), federal courts have primary jurisdiction over such claims. Plaintiff's ERISA cause of action as articulated in its Complaint is therefore, completely preempted by ERISA and removable to federal court. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Metro. Life Ins. Co.*, 481 U.S. 58; *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011).

## VENUE

22. The Supreme Court of the State of New York, New York County, is located within the Southern District of New York. Accordingly, removal to this Court complies with the venue requirements of 29 U.S.C. §1446(a).

## TIMELY NOTICE OF REMOVAL

23. This Notice of Removal is timely filed in accordance with 28 U.S.C §1446(b) because the earliest date on which Defendants received a copy of the Complaint from which it was first ascertained that the case is one which has become removable is January 18, 2024. Because the deadline for removal fell on February 17, 2024 (a Saturday), pursuant to Rule 6(a)(1)(C), Fed. R. Civ. P., Defendants deadline for removal was extended to February 20, 2024.[2] *See e.g.*, *Monagas v. Samsung Elecs. Am., Inc.*, No. 3:13CV927 MPS, 2013 WL 5970977, at *2 (D. Conn. Nov. 8, 2013)(finding Rule 6(a)(1)(C), Fed. R. Civ. P., applies to calculating deadlines related to the removal of cases to federal court (*i.e.*, 28 U.S.C.§1446(b)(1)); *Despres v. Ampco–Pittsburgh Corp.*, 577 F.Supp.2d 604, 609 (D. Conn. 2008); *see also Froehlich v. CACH, LLC,* 289 F.R.D. 454, 455 (S.D. Ohio 2013); *King v. Knoll,* 399 F.Supp.2d 1169, 1173 n. 13 (D.Kan.2005); *Howard v. CitiFinancial, Inc.,* 195 F.Supp.2d 811, 819 (S.D. Miss. 2002); *Oseekey v. Spaulding Fibre Co., Inc.,* 655 F.Supp. 1119, 1122 n. 4 (W.D.N.Y. 1987).

## CONSENT OF OTHER DEFENDANTS NOT APPLICABLE

24. The consent requirement of 28 U.S.C §1446(b)(2)(A) is satisfied as both Defendants consent to the removal of this action to the United States District Court for the Southern District of New York.

---

[2] February 19, 2024 was a legal holiday (*i.e.*, Presidents Day). Pursuant to Rule 6(a)(1)(C), Fed. R. Civ. P., "[w]hen a period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continue to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

## NOTICE OF FILING REMOVAL NOTICE

25. The written notice required pursuant to 28 U.S.C. §1446(d) will be timely filed in the Supreme Court of the State of New York, New York County and served upon Plaintiff.

## RESERVATION OF RIGHTS

26. Defendants do not waive – and hereby expressly reserve – their right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings. Further, Defendants do not admit any allegations in Plaintiff's Complaint.

## EXECUTION UNDER FED. R. CIV. P. 11

27. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

## PRAYER

WHEREFORE, Defendants respectfully request that the State Court Action be removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1331, 1441, and 1446.

Dated: February 20, 2024

ROBINSON & COLE LLP

By: *Matthew P. Mazzola*
Matthew P. Mazzola
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999

*Attorneys for Defendants UnitedHealthcare Insurance Company of New York and UnitedHealthcare Insurance Company*