UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x
DIANE ABBEY,

                     Plaintiff,

     -against-

UNITEDHEALTHCARE INSURANCE COMPANY
OF NEW YORK, AND UNITEDHEALTHCARE
INSURANCE COMPANY,

                     Defendants.
-------------------------------------------------------------------------- x

Case No. 24-cv-01275-VEC-SDA

**ANSWER**

Defendants UnitedHealthcare Insurance Company of New York and UnitedHealthcare Insurance Company (collectively, "United" and/or "Defendant") files its Answer to Complaint ("Complaint") of Plaintiff, Diane Abbey ("Plaintiff"), by responding to the numbered paragraphs of the Complaint as follows:

## **INTRODUCTION**

1.     Deny each and every allegation contained in paragraph 1 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

## **JURISDICTION AND VENUE**

2.     Deny each and every allegation contained in paragraph 2 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that this Court has federal question jurisdiction over this action

3.     Deny each and every allegation contained in paragraph 3 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

**PARTIES**

4. Deny each and every allegation in paragraph 4 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that at all relevant times Plaintiff Diane Abbey was a member/beneficiary of the TriNet HR IV, LLC. Welfare Benefit Plan that was fully funded by a group policy of insurance issued by UnitedHealthcare Insurance Company of New York to the Plan Sponsor, TriNet HR IV, LLC.

5. Deny each and every allegation in paragraph 5 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

6. Deny each and every allegation in paragraph 6 of the Complaint as alleged, except admit that UnitedHealthcare Insurance Company of New York is a wholly owned subsidiary of UnitedHealthcare Insurance Company and UnitedHealthcare Insurance Company of New York funded benefits under the Plan through a group policy of insurance issued to the Plan Sponsor, TriNet HR IV, LLC.

7. Deny each and every allegation in paragraph 7 of the Complaint as alleged, except admit that at all relevant times, the Plan was fully funded through a group policy of insurance issued by UnitedHealthcare Insurance Company of New York to the Plan Sponsor, TriNet HR IV, LLC.

8. Deny each and every allegation in paragraph 8 of the Complaint as alleged, respectfully refer to all questions of law to the Honorable Court and respectfully refer to the terms, conditions, limitations and exclusions of the Plan.

**ADDITIONAL FACTS GIVING RISE TO PLAINTIFF'S ALLEGATIONS**

9. Deny each and every allegation in paragraph 9 of the Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record for Patient Jane Doe kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that at all

relevant times the Plaintiff was enrolled in the Plan as a beneficiary based on her husband's employment with TriNet HR IV, LLC, the Group Number for the Plan is 184514.

10. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 10 of the Complaint and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 11 of the Complaint and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

12. Deny each and every allegation contained in paragraph 12 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 13 of the Complaint and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

14. Deny each and every allegation contained in paragraph 14 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

15. Deny each and every allegation contained in paragraph 15 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in

the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that United approved and reimbursed Plaintiff's claim for benefits in the amount of $5,030.17 related to the services she received on September 14, 2021

16. Deny each and every allegation contained in paragraph 16 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan.

## RELEVANT PLAN PROVISIONS

17. Deny each and every allegation contained in paragraph 17 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan, except admit that the quoted language accurately depicts the language in the Plan.

18. Deny each and every allegation contained in paragraph 18 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan, except admit that the quoted language accurately depicts the language in the Plan.

19. Deny each and every allegation contained in paragraph 19 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan, except admit that the quoted language accurately depicts the language in the Plan.

20. Deny each and every allegation contained in paragraph 20 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan, except admit that the quoted language accurately depicts the language in the Plan.

21. Deny each and every allegation contained in paragraph 21 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan, except admit that the quoted language accurately depicts the language in the Plan.

22. Deny each and every allegation contained in paragraph 22 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan, except admit that the quoted language accurately depicts the language in the Plan.

23. Deny each and every allegation contained in paragraph 23 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

24. Deny each and every allegation contained in paragraph 24 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

### UH PROCESSED PLAINTIFF'S SEPTEMBER 14, 2021 CLAIM IN BAD FAITH

25. Deny each and every allegation contained in paragraph 25 of the Complaint as alleged, respectfully refer to the terms, conditions, limitations and exclusions of the Plan and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

26. Deny each and every allegation contained in paragraph 26 of the Complaint as alleged, respectfully refer to the terms, conditions, limitations and exclusions of the Plan and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

27. Deny each and every allegation contained in paragraph 27 of the Complaint as alleged.

28. Deny each and every allegation contained in paragraph 28 of the Complaint as alleged.

### PLAINTIFF INFORMALLY CONTEST UH'S PROCESSING OF THE SEPTEMBER 14, 2021 CLAIM

29. Deny each and every allegation contained in paragraph 29 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

30. Deny each and every allegation contained in paragraph 30 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

31. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 31 of the Complaint and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

32. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 32 of the Complaint and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

**PLAINTIFF APPEALS THE CLAIMS DECISION**

33. Deny each and every allegation contained in paragraph 33 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

34. Deny each and every allegation contained in paragraph 34 of the Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

35. Deny each and every allegation contained in paragraph 35 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof, except admit that by letter to United dated June 6, 2023, Plaintiff (through counsel) requested an "appeal and request for second level review…"

36. Deny each and every allegation contained in paragraph 36 of the Complaint as alleged and respectfully refer to the administrative record for the Plaintiff kept and maintained by United in the regular course and scope of its business for the contents thereof.

37. Deny each and every allegation contained in paragraph 37 of the Complaint.

38. Deny each and every allegation contained in paragraph 38 of the Complaint.

39. Deny each and every allegation contained in paragraph 39 of the Complaint.

40. Deny each and every allegation contained in paragraph 40 of the Complaint.

41. Admit.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Claim For Benefits, 29 U.S.C. §1132(A)(1)(B)

42. In response to paragraph "42" of the Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "41" inclusive, with the same force and effect as if more fully set forth at length herein

43. Deny each and every allegation contained in paragraph 43 of the Complaint as alleged and respectfully refer to the terms, conditions, limitations and exclusions of the Plan.

44. Deny each and every allegation contained in paragraph 44 of the Complaint.

45. Deny each and every allegation contained in paragraph 45 of the Complaint.

46. Deny each and every allegation contained in paragraph 46 of the Complaint.

47. Deny each and every allegation contained in paragraph 47 of the Complaint.

## ALL NOT EXPRESSLY ADMITTED ARE DENIED

All averments, paragraphs, demands and/or footnotes in Plaintiff's Complaint that are not specifically admitted are hereby denied.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S "WHEREFORE" CLAUSE

Defendants deny each and every allegation in the Wherefore clause of Plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the Defendants upon which relief can be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The claims for which Plaintiff seeks recovery are not payable under the terms of the Plan.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

All actions about which Plaintiff complains were either required or permitted by the governing Plan and applicable law.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Any decision-making by Defendants were not arbitrary or capricious, and therefore, the Court cannot disturb its determination concerning Plaintiff's claims.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the applicable governing Plan.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not properly pled a claim for attorneys' fees under Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

The claims and remedies sought by Plaintiff is limited solely to those provided under ERISA, and all remedies and claims made by Plaintiff not provided for under ERISA are preempted.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

The Court's review of Plaintiff's claims are limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Defendants in the regular course of their business.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by them at the time they so acted and pursuant to the Plan. Accordingly, Plaintiff is barred from recovery for her claims in this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

United, and its affiliated companies, were granted discretionary authority to determine whether and to what extent participants are entitled to benefits and to construe the terms of the Plan, and United, and its affiliated companies, are deemed to have properly exercised this authority unless they abused their discretion by acting arbitrarily and capriciously. United, and its affiliated companies, decision-making was not arbitrary or capricious, and therefore, the Court cannot disturb its determination concerning Plaintiff's claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's jury demand is improper as a matter of law because they are not entitled to a jury trial under ERISA.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Defendants to determine whether it may have additional defenses in this action. Therefore, Defendants reserve the right to assert such additional defenses if they later become apparent.

WHEREFORE, Defendants prays:

1. That the action be dismissed, or that judgment be entered in favor of the Defendants and against Plaintiff;

2. That Defendants be awarded costs of suit incurred herein;

    3.       That Defendants be awarded reasonable attorney's fees; and

    4.       That Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         March 8, 2024

**ROBINSON & COLE LLP**

_____
Matthew P. Mazzola
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Phone: 212-451-2900
Email: mmazzola@rc.com

*Attorneys for Defendants*